UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACQUON BENEJAN | Crim. No. 3:20cr126 (JBA)<br><br>September 10, 2021 |

**RULING ON DEFENDANT'S MOTION FOR DISCLOSURE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

Defendant Jacquon Benejan was arrested in connection with his involvement in the attempted murder of rival gang members on the steps of a Bridgeport courthouse. Pursuant to Federal Rule of Evidence 404(b), Defendant moves for disclosure of all evidence the Government intends to introduce at trial regarding: (1) crimes with which Defendant has been charged elsewhere, (2) crimes for which Defendant has been convicted, and (3) evidence of "bad acts" or uncharged crimes attributed to Defendant [Doc. #197]. The Government opposes this motion [Doc. # 203].

Federal Rule of Evidence 404(b) generally prohibits the introduction of evidence regarding crimes, wrongs, or acts of a Defendant, other than the crime charged, for the purpose of proving the defendant's bad or criminal character. *See* Fed. R. Evid. 404(b). But the rule allows the Government to introduce this evidence for limited purposes, such as to demonstrate proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Fed. R. Evid. 404(b)(2). The Government is required to "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it," Fed. R. Evid. 404(b)(3)(A), including a detailed explanation of the purposes for which the Government seeks to admit the evidence, *United States v. O'Connor*, 580 F.2d 38, 40 (2d Cir. 1978). However, uncharged acts in furtherance of an alleged conspiracy are not "bad acts" or crimes contemplated by Rule 404(b). *United States v. James*, 520 F. App'x 41, 45 (2d Cir. 2013) (citing *United States v.*

*Concepcion*, 983 F.2d 369, 392 (2d Cir. 1992). Instead, those acts are considered a "part of the very act charged." *United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994). Thus, evidence of those acts is not prohibited by the rule nor is it subject to the disclosure requirement.

The Government argues that Defendant's motion is without merit because the Government knows of no crimes with which Defendant was charged prior to the current charges against him and it intends to introduce only acts in furtherance of the conspiracy alleged in the Superseding Indictment. (*See* Gov't's Omnibus Opp. to Defs.' Add't'l Pretrial Mots. [Doc. # 203] at 23-24.) The Government also argues that uncharged acts done in furtherance of the conspiracy for which Defendant is charged are outside the scope of Rule 404(b). (*Id.* at 24.) "Accordingly, the Government may seek to introduce evidence of other criminal conduct committed by Benejan in furtherance of the racketeering conspiracy even if not explicitly listed as an overt act." (*Id.*) The Court agrees.

Because the Government does not intend to introduce evidence of acts or crimes committed by Defendant outside of the conspiracy for which he has already been charged, Defendant's Motion for Disclosure Pursuant to Federal Rule of Evidence 404(b) is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of September 2021.